UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| PERCILLIA JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.  4:10CV603 TIA |
| | ) | |
| HERTZ CORPORATION, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court sua sponte.  On April 9, 2010, Plaintiff Percillia Jones filed this instant employment discrimination complaint against Defendant Hertz Corporation.  The docket sheet shows that a senior legal assistant for Hertz Corporation accepted service on May 19, 2010. Thus Defendant Hertz Corporation was served with summons and complaint on May 19, 2010. Accordingly, Defendant's Answer should have been filed no later than June 9, 2010.  Defendant Hertz Corporation has not filed an Answer or other responsive pleading within the time allowed by the Federal Rules of Civil Procedure.

On July 20, 2010, the Court entered an Order directing Plaintiff to file within fourteen days of the Order separate motions for entry of default by the Clerk of Court under Federal Rule of Civil Procedure 55(a) and for default judgment under Rule 55(b), supported by all necessary affidavits and documentation, as well as proposed orders for the Court's consideration.  Further, the Court warned Plaintiff that failure to comply with the Order may result in dismissal of the claims against Defendant Hertz Corporation in this matter without prejudice.

According to Rule 55(a) of the Federal Rules of Civil Procedure, "[w]hen a party against

whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided

by these rules, and the fact is made to appear by affidavit or otherwise, the clerk shall enter the party's

default." A Judgment of default may, thereafter, be entered on the application to the Court. See

Johnson v. Dayton Elec. Mfg. Co., 140 F.3d 781, 783 (8th Cir. 1998) ("When a party 'has failed to

plead or otherwise defend' against a pleading listed in Rule 7(a), entry of default under Rule 55(a0

must precede grant of default judgment under Rule 55(b).").

On July 30, 2010, Plaintiff filed a Motion for Default Judgment (Docket No. 9). The

undersigned notes that Plaintiff failed to include a certificate of service so as to demonstrate when,

or if , Defendant Hertz Corporation was served with the Motion for Default Judgment. Fed. R. Civ.

P. 5(a)(1) (general requirement of service of all papers on all parties). Rule 5(d) requires that all

papers include a certificate of service to reflect that a copy was sent to opposing counsel as required

by Rule 5(a), Fed. R. Civ. P. Accordingly, Plaintiff's Motion for Default Judgment should be denied

without prejudice. If Plaintiff renews the motion, she should file "motions for entry of default by the

Clerk of Court under Federal Rule of Civil Procedure 55(a) and for default judgment under Rule

55(b), **supported by all necessary affidavits and documentation, as well as proposed orders** for

the Court's consideration." (emphasis added).

**IT IS HEREBY ORDERED** that Plaintiff 's Motion for Default Judgment (Docket No. 9)

is DENIED WITHOUT PREJUDICE subject to refiling.

**IT IS FURTHER ORDERED** that in the future, Plaintiff shall include a certificate of service[1]

---

[1]An acceptable certificate of service could state, "I certify that a copy of the foregoing was mailed, postage prepaid, in the U.S. Mail on this ____ day of August, 2010, to: Hertz Corporation, 225 Brae, Park Ridge, NJ 07656." A certificate of service in approximately this format must be included on every pleading submitted to the Court for filing.

on each separate pleading she files in this matter as stated in this Order, or the pleading will be returned to Plaintiff without filing.

Dated this 26th day of August, 2010.

                                        /s/Terry I. Adelman
                                    UNITED STATES MAGISTRATE  JUDGE