UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PERCILLIA JONES, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:10CV603 TIA |
| HERTZ CORPORATION, | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion for Appointment of Counsel (Docket No. 4). All matters are pending before the undersigned Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

On April 9, 2010, Plaintiff Percillia Jones filed this instant employment discrimination complaint against Defendant Hertz Corporation pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq.; and the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101, et seq. Plaintiff was granted leave to proceed in this cause in forma pauperis. Plaintiff now seeks the appointment of counsel to assist her with her claims. In deciding whether to appoint counsel for an indigent plaintiff, the Court should consider relevant factors, including the factual complexity of the case, the ability of the indigent to investigate the facts, the existence of conflicting testimony, and the ability of the indigent to present her claims. Stevens v. Redwing, 146 F.3d 538, 546 (8th Cir. 1998).

The fact of the instant case are not complex. Plaintiff alleges that she was discriminated against in her employment on account of her disability, and also claims that she experienced retaliation

in her employment. A reading of Plaintiff's Complaint shows her able to investigate crucial facts. Plaintiff has adequately identified the circumstances giving rise to her claims, the persons involved, and the bases upon which she contends she is entitled to relief. Moreover, this case is in the preliminary stages, with a scheduling order yet to be entered governing discovery and dispositive matters. Whether and to what extent conflicting testimony exists with respect to the substance of Plaintiff's claims will be evident upon further proceedings in the cause. Finally, the complexity of the legal issues does not warrant an appointment of counsel at this time. As set out above, Plaintiff claims that she was unlawfully discriminated in her employment and suffered retaliation. Such matters do not involve overly complex issues of law.

Because the factual nature of this case is not complex and Plaintiff has provided the Court with details giving rise to her claims, the undersigned finds Plaintiff able to adequately present her claims to the Court. Therefore, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff 's Motion for Appointment of Counsel (Docket No. 4) is denied without prejudice.

Dated this 10th day of December, 2010.

/s/ Terry I. Adelman
UNITED STATES MAGISTRATE JUDGE