UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PERCILLIA JONES, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:10CV603 TIA |
| HERTZ CORPORATION, | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion for Default Judgment (Docket No. 11). All matters are pending before the undersigned Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

On April 9, 2010, Plaintiff Percillia Jones filed this instant employment discrimination complaint against Defendant Hertz Corporation pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq.; and the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101, et seq. Plaintiff was granted leave to proceed in this cause in forma pauperis. The docket sheet shows that a senior legal assistant for Hertz Corporation accepted service on May 19, 2010. Thus Defendant Hertz Corporation was served with summons and complaint on May 19, 2010. Accordingly, Defendant's Answer should have been filed no later than June 9, 2010. Defendant Hertz Corporation did not filed an Answer or other responsive pleading within the time allowed by the Federal Rules of Civil Procedure.

On July 20, 2010, the Court entered an Order directing Plaintiff to file within fourteen days of the Order separate motions for entry of default by the Clerk of Court under Federal Rule of Civil

Procedure 55(a) and for default judgment under Rule 55(b), supported by all necessary affidavits and documentation, as well as proposed orders for the Court's consideration. Further, the Court warned Plaintiff that failure to comply with the Order may result in dismissal of the claims against Defendant Hertz Corporation in this matter without prejudice.

On July 30, 2010, Plaintiff filed a Motion for Default Judgment (Docket No. 9), but she failed to include a certificate of service so as to demonstrate when, or if, Defendant Hertz Corporation was served with the Motion for Default Judgment. Fed. R. Civ. P. 5(a)(1) (general requirement of service of all papers on all parties). Accordingly, the undersigned denied Plaintiff's Motion for Default Judgment without prejudice subject to refiling on August 26, 2010 (Docket No. 10). On September 20, 2010, Plaintiff filed a Motion for Default Judgment (Docket No. 11) containing a certificate of service. On October 1, 2010, Defendant Hertz Corporation filed a Motion for Extension of Time (Docket No. 13) requesting a ten-day extension of time in which to file opposition to Plaintiff's Motion for Default Judgment. After receiving the extension, Defendant Hertz Corporation filed a Response in Opposition (Docket No. 15) and Plaintiff filed a Reply thereto (Docket No. 24).

Pursuant to Rule 55 of the Federal Rules of Civil Procedure, default judgment is appropriate when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise." When determining whether a default judgment is appropriate, the Court must consider whether the assertedly defaulting party has filed a responsive Answer, or other responsive pleading, prior to an entry of Default Judgment. Plaintiff now seeks the entry of default judgment. Defendant Hertz Corporation has filed Opposition to Plaintiff's Motion for Default Judgment.

On the instant record, it is apparent that Defendant Hertz Corporation desires to contest the

merits of the action. Accordingly, the Court, in its discretion and recognizing the preference to resolve actions on the merits, will deny the motion for default judgment. 10A Charles Alan Wright, Federal Practice and Procedure § 2682. But the Court notes that Defendant Hertz Corporation must comply with all applicable rules and deadlines and failure to do so risk all appropriated consequences.

Therefore, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Default Judgment (Docket No. 11) is DENIED.

**IT IS FURTHER ORDERED** that Defendant Hertz Corporation shall file an Answer no later than December 30, 2010.

Dated this 10th day of December, 2010.

/s/ Terry I. Adelman
UNITED STATES MAGISTRATE JUDGE