UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PERCILLIA JONES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No.  4:10CV603 TIA |
| HERTZ CORPORATION, | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant The Hertz Corporation's Motion to Dismiss Plaintiff's Complaint for Failure to Prosecute (Docket No. 64).  Plaintiff Percillia Jones ("Jones") did not file a responsive pleading and the time to do so has passed.  Instead, Jones filed a Motion to Reconsider Judgment in Favor of Plaintiff or, in the alternative, to grant Plaintiff Sufficient Time to Seek Legal Advisor (Docket No. 67) and attached in support is the Reply to Response to Motion for Default Judgment originally filed on November 23, 2010 (Docket No. 24).  All matters are pending before the undersigned Magistrate Judge, with consent of the parties,  pursuant to 28 U.S.C. § 636(c).

On April 9, 2010, Plaintiff Percillia Jones ("Jones") filed this instant employment discrimination complaint against Defendant Hertz Corporation ("Hertz") pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq.; and the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101, et seq.  Plaintiff was granted leave to proceed in this cause in forma pauperis.

On April 22, 2011, the Court granted Plaintiff's Motion for Extension of Time (Docket No. 39) requesting the deadlines for filing motions for joinder of additional parties or amendment of pleadings and Rule 26(a)(1) disclosures from May 27, 2011 to June 14, 2011 (Docket No. 40).  On June 7, 2011, the Court extended the referral for alternative dispute resolution due to Hertz's inability to confer with Jones regarding the Court's Order because of Plaintiff's failure to respond to Hertz's inquiries (Docket Nos. 42 and 43).

On July 15, 2011, Hertz filed a Motion to Compel Production of Rule 26(a) Disclosures and Discovery seeking a Court Order directing Jones to produce her Rule 26 Disclosures and responses to Defendant's First Set of Interrogatories and Requests for Production (Docket No. 48).  Hertz noted that Plaintiff's answers to Defendant's discovery were due April 27, 2001 but after not receiving any discovery responses, defense counsel sent a letter via regular and certified mail on May 13, 2011, requesting that Jones serve her discovery responses by June 1, 2011 (Id., Exh. D).  After not receiving discovery responses, defense counsel sent another letter on June 6, 2011, requesting that Jones respond to Defendant's discovery by June 20, 2011.  (Docket No. 48, Exh. E).  On June 21, 2011, defense counsel sent another letter requesting that Jones respond to Defendant's discovery including serving her overdue Rule 26 Disclosures (Docket No. 48, Exh. F).  On June 29, 2011, Hertz received Plaintiff's answers to interrogatories, although incomplete, and no responses to the Requests for Production nor her Rule 26 Disclosures (Docket No. 48, Exh. G).  On July 12, 2011, defense counsel sent a letter requesting that Jones provide complete interrogatory answers as well as her response to Requests for Documents and Rule 26 Disclosures by July 15, 2011 (Docket No. 48, Exh. H).

After not receiving Plaintiff's discovery responses, Hertz filed a Motion to Compel Production of Rule 26(a) Disclosures and Discovery (Docket No. 48) seeking a court order directing Jones to fully respond to Defendant's discovery and provide complete Rule 26 Disclosures. On August 5, 2011, the Court granted the unopposed Motion to Compel Production of Rule 26(a) Disclosures and Discovery directing Jones to "fully respond to Defendant's outstanding discovery requests by providing complete responses to Defendant's Interrogatories and Requests for Production and provide complete Rule 26 Disclosures no later than August 17, 2011" and to "provide available dates for her deposition so that Defendant can schedule her deposition no later than September 30, 2011." (Docket No. 52). In that Order, the Court apprised Jones that her failure to comply may result in dismissal of her claims against Hertz in this matter without prejudice. (Docket No. 52). On August 12, 2011, Jones filed a Memorandum stating that she served discovery responses to Hertz on June 27, 2011 (Docket No. 54).

On August 23, 2011, Jones filed Motions for an Extension of Time to file discovery responses (Docket No. 55) and to seek legal advisor (Docket No. 56). On August 24, 2011, the Court granted Plaintiff's Motions for an Extension of Time to file discovery responses (Docket No. 57) and to seek legal advisor (Docket No. 58). In the last Order, the Court apprised Jones as follows:

> Plaintiff has until September 16, 2011, to employ counsel. If Plaintiff elects to continue to proceed pro se, Plaintiff shall submit in writing to the Court her election no later than September 16, 2011. Failure to comply with this Order may result in the action being dismissed for failure to prosecute. See Garland v. Peebles, 1 F.3d 683, 686 (8th Cir. 1993).

(Docket No. 58). On September 7, 2011, Jones filed a Memorandum representing that she served discovery responses on Hertz (Docket No. 61). On September 15, 2011, Jones filed a Memorandum indicating her election to proceed pro se inasmuch as she "was not granted sufficient tome to seek

legal advisor or to employ counsel." (Docket No. 62). On September 30, 2011, Jones filed a Memorandum representing her efforts to timely schedule her deposition as ordered by the Court (Docket No. 63).

On October 21, 2011, Hertz filed a Motion to Dismiss Plaintiff's Complaint for Failure to Prosecute (Docket No. 65) requesting the Court to dismiss Plaintiff's Complaint for failure to prosecute pursuant to Rule 41(b) due to her chronic refusal to provide complete and responsive written discovery.[1]

"A district court may, in its discretion, dismiss an action pursuant to Fed. R. Civ. P. 41(b) if 'the plaintiff fails to prosecute or to comply with [the Federal Rules or] a court order." Smith v. Gold Dust Casino, 526 F.3d 402, 404 (8th Cir. 2008) (quoting Fed. R. Civ. P. 41(b)). A dismissal of an action is "an extreme sanction and should be used only in cases of willful disobedience of a court order or continued or persistent failure to prosecute a complaint." Id. at 405 (quoting Givens v. A.H. Robins Co., 751 F.2d 261, 263 (8th Cir. 1984)). "This does not mean that the district court must find that the appellant acted in bad faith, but requires 'only that he acted intentionally as opposed to accidentally or involuntarily.'" Hunt v. City of Minneapolis, Minn., 203 F.3d 524, 527 (8th Cir. 2000). See also Aziz v. Wright, 34 F.3d 587, 589 (8th Cir. 1994) (affirming Rule 41(b) dismissal of action filed by pro se plaintiff who "willfully disregarded" a court order).

A finding of intentional or willful conduct justifying dismissal is dependent upon the particular facts of a given case. Courts have found a variety of conduct sufficiently willful to justify dismissal, including the willful failure to answer interrogatories, Fox-Studebaker-Worthington, Inc., 516 F.2d

---

[1]The Court notes that Plaintiff is proceeding in forma pauperis; hence, a monetary sanction would be meaningless.

989, 993 (8th Cir. 1975), conduct exhibiting a pattern of intentional delay, <u>Fletcher v. Southern Farm Bureau Life Ins. Co.</u>, 757 F.2d 953, 956 (8th Cir. 1995), a persistent failure to respond to discovery requests and disregard of a court's order requiring the production of discovery responses, <u>Edina Couriers, LLC v. UPS Mail Innovations</u>, 2008 WL 80000 (D.Minn. Jan. 4, 2008), and a failure to comply with an order for a deposition, <u>Aziz</u>, 34 F.3d at 589.  Considerations of the court's need to advance its docket, the consequences of "irrevocably extinguishing the litigant's claim," and the futility of lesser sanctions inform the court's decision on whether a dismissal is to be with prejudice. <u>Hunt</u>, 203 F.3d at 527 (interim quotations omitted).  Also relevant is whether the plaintiff's actions "had the effect of attacking the integrity of the court."  <u>Rodgers</u>, 135 F.3d at 1219.

It is well settled law that pro se litigants are not excused from complying with court orders or substantive and procedural law.  <u>See</u> <u>Farnsworth v. City of Kansas City, Mo.</u>, 863 F.2d 33, 34 (8th Cir. 1988); <u>see</u> <u>also</u> <u>Carman v. Treat</u>, 7 F.3d . 1379, 1381 (8th Cir. 1993) (pro se status does not entitle party to disregard Federal Rules of Civil Procedure); <u>Cook v. Pueppke</u>, 421 F. Supp.2d 1201, 1208 (E.D. Mo. 2006).  While courts exercise caution in dismissing the claims of pro se plaintiffs, and pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys, pro se plaintiffs are not excused from complying with court orders.  <u>Leach v. Waterway Car Wash</u>, 217 Fed. Appx. 571 (8th Cir. 2007) (affirming dismissal of complaint pursuant to Rule 41(b), but finding that plaintiff's conduct did not arise to level of willful disobedience or intentional delay, the court modified the dismissal to be without prejudice).

Having reviewed the instant record, the undersigned concludes that dismissing this action would be too extreme a sanction for Plaintiff's failure to timely and completely respond to Hertz's discovery requests at this juncture.  The Court finds that the relevant considerations militate against

the extreme sanction of dismissing Jones' claims. Even if the undersigned construes Plaintiff's late and allegedly incomplete response to the discovery requests as disobedience of the Case Management Order, the undersigned cannot conclude that Jones' conduct was so willful or egregious to warrant dismissal of her case. *Cf.* Rodgers v. The Curators of the Univ. of Mo., 135 F.3d 1216, 1218 (8th Cir. 1998) (affirming dismissal with prejudice of plaintiff's complaint when plaintiff failed to appear at two court-ordered depositions, disregarded court orders to produce documents, and violated a court order prohibiting him from terminating his counsel). Under all the circumstances, dismissal would not be in the interests of justice. Nonetheless, the undersigned forewarns Jones that she is skating on thin ice, and she will not be excused moving forward from timely completing discovery or complying with the Court's Orders including the Case Management Order ("CMO") entered on March 17, 2011. The undersigned reminds Jones that the CMO requires the parties to complete discovery no later than December 2, 2011. (Docket No. 34).

Jones' unpreparedness is not excused by her inability to retain counsel. Jones contends that she is unable to secure counsel because of financial hardship due to health related issues. Based on the record, the undersigned questions whether Jones' inability to secure counsel is due to her lack of diligence in obtaining counsel. The Court denied without prejudice Jones' Motion to Appoint Counsel (Docket No. 4) on December 10, 2010 (Docket No. 26). Jones did not request additional time to obtain counsel until August 23, 2011, nine months after the Court denied her motion when Jones filed a Motion for Extension of Time to Seek Legal Advisor (Docket No. 56). The undersigned granted Jones' extension request until September 16, 2011. In that Order, the undersigned apprised Jones as follows: "If Plaintiff elects to continue to proceed pro se, Plaintiff shall submit in writing to the Court her election no later than September 16, 2011." (Docket No. 58). On September 15,

2011, Jones filed an election to proceed pro se, noting she was not granted sufficient time to seek legal advisor or to employ counsel without setting forth any reasons why the time to be insufficient or requesting additional time to retain counsel.  "Litigants do not have an absolute right ro continuances to prepare for trial or to obtain counsel." Schooley v. Kennedy, 712 F.2d 372, 374 (8th Cir. 1983)(citing Grunewald v. Missouri Pac. R.R. Co., 331 F.2d 983, 986 (8th Cir. 1964)). Accordingly,

**IT IS HEREBY ORDERED** that Defendant The Hertz Corporation's Motion to Dismiss Plaintiff's Complaint for Failure to Prosecute (Docket No. 64) is DENIED WITHOUT PREJUDICE.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Reconsider Judgment in Favor of Plaintiff or, in the alternative, to grant Plaintiff Sufficient Time to Seek Legal Advisor (Docket No. 67) is DENIED.

Failure to comply with the Court Orders may result in dismissal of the claims against Defendant Hertz Corporation in this matter without prejudice.

Dated this   3rd   day of November, 2011.

/s/ Terry I. Adelman
UNITED STATES MAGISTRATE JUDGE